OPINION OF THE COURT
Stanley Parness, J.
*566 Condemnor, pursuant to CPLR 3212, seeks summary judgment dismissing claimant’s compensation claim.
Claimant James Davis resided in the Gramercy Hotel, a single room occupancy (SRO) residence in Manhattan, beginning in 1983. He was removed pursuant to the order of this court to enable condemnor herein to gain possession in connection with the instant eminent domain proceeding (EDPL 405 [A]). It is undisputed that claimant’s month-to-month occupancy was protected prevesting pursuant to the rent stabilization laws (see, 9 NYCRR 2500.1 et seq.) and for the period beginning in 1986 — and terminating with his removal in 1996 — claimant paid rent of $66.30 per week.
Claimant, and others, filed a notice of claim dated October 23, 1995. On December 27, 1996, Davis individually filed a “Claim for Compensation,” wherein claimant seeks damages for the loss of his claimed leasehold based upon the difference between his former rent, and the rent on the premises to which he relocated, times a multiple of two to compensate for the downsize in space for the period of his remaining life expectancy of 25 years. Claimant seeks the sum of $394,800.
In condemnation “[a] month to month tenant has no property interest that entitles him to compensation” (2 Nichols, Eminent Domain § 5.02 [6] [d] [3d ed]).
While claimant’s month-to-month SRO occupancy was protected by the rent laws “against removal in the ordinary relationship of landlord and tenant,” such statutes do not in themselves create any further property interest, let alone the life estate he asserts (City School Dist. v Cohen, 285 App Div 923).
In condemnation the compensation awarded an owner is based upon an unencumbered fee value. Any award made to a tenant for its leasehold interest would then be carved out of the award the owner received. If every SRO tenant in the subject SRO hotel had his or her interest valued as claimant contends, then the sum total of their “leasehold claims” would leave nothing for the fee owner. Further, depriving the owner through rent regulations of collecting market rents prior to condemnation, and thereafter permitting tenants to obtain part of the owner fee award based upon the bonus value of the favorable rents they obtained under said regulation, may well constitute an unconstitutional taking.
In sum, claimant has failed to demonstrate a compensable property interest arising out of his former occupancy of a room *567 at the Gramercy Hotel. Accordingly, condemnor’s motion for summary judgment is granted and claimant’s claims for compensation are dismissed.